

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LAWRENCE L. WILLYARD, | No. 13-17048 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00736-ROS |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Argued and Submitted November 20, 2015
San Francisco, California

Before: M. SMITH and N.R. SMITH, Circuit Judges, and SCHEINDLIN,** Senior

District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Shira A. Scheindlin, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

Lawrence Willyard appeals the district court's decision affirming the Commissioner's denial of disability insurance benefits. We affirm in part and vacate and remand in part. Willyard argues that the administrative law judge ("ALJ") failed to provide sufficient reasons for finding Willyard's subjective complaints were not credible and for rejecting the treating medical source opinion evidence. We agree.

The ALJ did not provide sufficient reasons for finding Willyard's subjective complaints of pain not fully credible. *See Dodrill v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993) ("The ALJ is not required to believe pain testimony and may disregard it if there are no objective medical findings which 'could reasonably be expected to cause some pain.' If he rejects it, however, he must justify his decision with specific findings.") (quoting *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989))). The ALJ stated that there is no evidence of "stenosis [i.e., narrowing], disc herniation, or cord compression" to "account for [the] extreme level of chronic pain" that Willyard alleged. However, the ALJ never explains why these conditions are necessary to account for Willyard's alleged pain. In addition to the objective medical evidence, an ALJ is required to *consider* each of the seven factors set forth in 20 C.F.R. § 404.1529 when assessing credibility. *See* SSR 96-7p (listing all seven factors, including, for example, "[t]he type, dosage,

2

effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms" and "[t]reatment, other than medication, the individual receives or has received for relief of pain or other symptoms"). While an ALJ need not *discuss* each of the seven factors, "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection of a claimant's allegations of disabling pain." *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991). For example, the record suggests that from 2006 through 2010, Willyard received higher doses of pain medication, increased sacroiliac joint injections, radio ablation therapy, and finally an IDET procedure, but the ALJ does not indicate whether these treatments were relevant to his consideration of Willyard's credibility. *See Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (stating that the ALJ must "explain why significant probative evidence has been rejected") (internal quotation marks omitted). In addition, the ALJ exaggerated the extent of Willyard's daily activities and did not explain why the activities are inconsistent with the pain alleged by Willyard. "We have repeatedly warned that ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be

3

consistent with doing more than merely resting in bed all day." *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014).

The ALJ failed to provide sufficient reasons for rejecting Willyard's treating physician's opinion. *See Andrews v. Shalala*, 53 F.3d 1035, 1040-41 (9th Cir. 1995). The ALJ's reasons for rejecting the opinion of Dr. Levine — a treating physician — appear to be that (1) the limitations found by Dr. Levine are inconsistent with a failure to find stenosis, disc herniation, or cord compression and (2) Willyard lacked credibility. As to the first, the record is silent as to why stenosis, disc herniation, or cord compression are necessary to support Dr. Levine's opinion about Willyard's limitations. Furthermore, an August 27, 2009, MRI of Willyard's lumbar spine revealed posterior central disc herniation, and a December 22, 2009, CT scan of the lumbar spine indicated spondylosis, degenerative change, and mild inferior neural foraminal stenosis. The ALJ has not explained why this evidence is insufficient or irrelevant. *See Vincent*, 739 F.2d at 1394-95. The second premise — that Dr. Levine should not have relied on Willyard's subjective complaints — is based on circular reasoning. The ALJ assumes that Dr. Levine relied only on Willyard's subjective complaints because the ALJ assumes that Dr. Levine did not find the objective evidence sufficient. "[W]hen an opinion is not more heavily based on a patient's self-reports than on

4

clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). Here, the ALJ failed to sufficiently explain and support his decision to reject the opinion of the treating physician.

Finally, we reject Willyard's argument that the ALJ erred by failing to consider opinion evidence from a chiropractor. A chiropractor is not an "acceptable medical source." *See* 20 C.F.R. § 404.1502. Moreover, the opinion is not entitled to consideration because it is conclusory and does not go to impairment severity or functional effects.

We remand with instructions to the district court to remand this case to the Commissioner for further proceedings. Each party to bear its own costs.

**AFFIRMED in part, VACATED and REMANDED in part.**